# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| S.O.C., INC.; and RICHARD SORANNO;<br><br>　　Plaintiffs,<br><br>and<br><br>AMERICAN CIVIL LIBERTIES UNION OF NEVADA,<br><br>　　Intervenor,<br><br>v.<br><br>COUNTY OF CLARK, STATE OF NEVADA; and LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>　　Defendants,<br><br>and<br><br>NEVADA RESORT ASSOCIATION; FLAMINGO HILTON CORPORATION; and CIRCUS CIRCUS ENTERPRISES, INC.;<br><br>　　Intervenors. | 2:97-cv-0123-LDG-RJJ<br>2:97-cv-0146-LDG-RJJ<br><br>**ORDER** |

| | |
|---|---|
| 1 | HILLSBORO ENTERPRISES, INC., |
| 2 |     Plaintiff, |
| 3 | and |
| 4 | AMERICAN CIVIL LIBERTIES UNION OF NEVADA, |
| 5 | |
| 6 |     Intervenor, |
| 7 | v. |
| 8 | COUNTY OF CLARK; LORRAINE HUNT; MYRNA WILLIAMS; ERIN KENNY; BRUCE WOODBURY; YVONNE |
| 9 | ATKINSON GATES; LANCE MALONE; and MARY KINCAID, |
| 10 | |
| 11 |     Defendants, |
| 12 | and |
| 13 | NEVADA RESORT ASSOCIATION; FLAMINGO HILTON CORPORATION; CIRCUS CIRCUS ENTERPRISES, INC.; |
| 14 | and LAS VEGAS CONVENTION AND VISITORS AUTHORITY, |
| 15 | |
| 16 |     Intervenors. |

The court entertains plaintiffs S.O.C., Inc.'s, and Richard Soranno's (collectively "SOC"), and intervenor plaintiff American Civil Liberties Union of Nevada's ("ACLUN") motions for attorneys fees in their action, 2:97-cv-0123-LDG-RJJ (#184, opposition #192, reply #196) (#185, opposition #193, reply #197).[1]

Under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. §1988(b), a court has the discretion to award a reasonable attorney's fee to the prevailing party in an action for the vindication of constitutional rights. In Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't

---

[1] The ACLUN also filed a duplicate motion for attorneys fees in the companion case, Hillsboro Enterprises, Inc., 2:97-cv-0146-LDG-RJJ (#124).

of Health and Human Res., 532 U.S. 598 (2001), the Supreme Court clarified who constitutes a prevailing party for the purpose of awarding attorney's fees. According to Buckhannon a litigant must meet two criteria to qualify as a prevailing party. First, he must achieve a "material alteration of the legal relationship of the parties." Second, that alteration must be "judicially sanctioned." Id. at 604-05.

I.   Prevailing Parties

On March 9, 2007, this court entered an order granting the ACLUN's claim for a declaration that 16.12 as amended was unconstitutionally vague and overbroad, and permanently enjoining it. Defendants and defendant intervenors (hereafter "defendants") do not significantly contest that the ACLUN is a prevailing party, but argue, in principle, that SOC does not meet the definition of a prevailing party within the meaning of §1988 because SOC did not obtain an enforceable judgment against them, as opposed to the relief granted the ACLUN on its facial challenge of 16.12 as amended.

The court has little difficulty finding that SOC shares prevailing party status with the ACLUN in this litigation.[2] In its complaint filed on January 31, 1997, SOC claimed that the original version of 16.12 violated its First Amendment rights, and sought an injunction against its enforcement. The court initially denied the motion for preliminary injunction, but the Ninth Circuit reversed, holding that "the ACLUN has demonstrated probable success on the merits of its claim that Clark County Ordinance Section 16.12 is constitutionally deficient on its face." S.O.C., Inc. v. County of Clark, 152 F.3d 1136, 1148 (9th Cir. 1998). Subsequently, Clark County amended 16.12, and SOC amended its complaint alleging that 16.12 as amended continued to violate its First Amendment rights. SOC joined the ACLUN in briefing on the overbreadth and vagueness challenge to 16.12 as amended, see docket #77, and independently briefed the First Amendment issues in opposition to defendants' motion for summary judgment and in support of

---

[2]To that extent, plaintiffs S.O.C., Inc., and Richard Soranno are also entitled to be awarded costs.

its own countermotion.  <u>See</u> Docket #111,  #112, and #119.  SOC and the ACLUN filed a joint trial brief reasserting the overbreadth and vagueness challenges to the ordinance.  <u>See</u> Docket #147.

Granted, SOC took primary responsibility for making the case that plaintiffs' activities were not a front for prostitution, which factual issue occupied much of the trial.  However, SOC also presented evidence regarding the vagueness and overbreadth issues.  <u>See</u> Testimony of John Henry Irsfeld, February 4, 2004.

The Ninth Circuit has rejected overly narrow interpretations of the Buckhannon standard, and held that a litigant can achieve prevailing-party status short of being awarded a specific judgment on the merits.  <u>See</u> <u>Carbonell v. INS</u>, 429 F.3d 894, 898-902, 900 n.5 (9th Cir. 2005).  Here, even though judgment on the constitutionality of the ordinance was not granted to SOC, its participation during this litigation achieved a judicially sanctioned material alteration of the legal relationship between it and defendants.

II. <u>Reasonableness of Fees</u>

In determining a reasonable attorney's fee in §1988 litigation, the court calculates a "lodestar" figure by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.  Under certain circumstances, a court may adjust the award upward or downward to take into account special factors.

The ACLUN submits that $300 per hour is a reasonable rate for this type of First Amendment case.  Its assessment is supported by the affidavit of independent counsel Donald J. Campbell, Esq.  The court agrees that the case presented novel and difficult issues of First Amendment law, and that counsel for the ACLUN has developed an expertise in such areas.  However, the court also takes into consideration that, as defendants point out, the ACLUN's counsel in this case submitted declarations in a similar First Amendment case in 2001 (at approximately the midpoint of litigation in this matter) attesting that the rate of $200 per hour reflected the rate for Nevada attorneys with similar expertise in this type of litigation, and more

recently, in a 2007 case in which counsel for the ACLUN acted as co-counsel, submitted a declaration attesting to a rate of $250 per hour for attorneys in Nevada with similar experience and expertise.  Taking that into account, and in consideration of the successful outcome achieved and the other factors relevant to the determination of a reasonable attorney's fee, the court finds that the ACLUN's counsel is entitled to a fee of $275 per hour.  Finally, while the billing statements submitted by the ACLUN leave something to be desired in the area of detail, they contain minimally adequate descriptions to support the request.

     SOC's requested rate ranges from a discounted rate of $320 an hour to $450 an hour. SOC's counsel, Dominic Gentile, Esq., was considered lead counsel for the named plaintiffs, and coordinated their representation from the start.  Mr. Gentile's expertise in constitutional matters is irrefutable, and his representation of his clients notably vigorous.  The court especially notes that Mr. Gentile undertook major responsibility for some particularly difficult and complex evidentiary aspects of trial.  However, the court also observes that SOC did not provide affidavits of independent counsel attesting to the reasonableness of the fees charged, and the court therefore is inclined to defer to the opinion of Mr. Campbell regarding the range in that regard.  Accordingly, the court finds that SOC is entitled to an attorney's fee of $325 per hour for Mr. Gentile's services. As a relative matter, the billing rates of any of Mr. Gentile's associates who provided services in this case should not exceed $225 per hour.  Finally, the court finds that SOC's billing summaries are adequately detailed and that the number of hours expended on the litigation is reasonable.

     THE COURT HEREBY ORDERS that plaintiffs S.O.C., Inc.'s, and Richard Soranno's motion for attorneys fees (#184) in case 2:97-cv-0123-LDG-RJJ is GRANTED as outlined above.

     THE COURT FURTHER ORDERS that no later than twenty (20) days from the date of the filing of this order, plaintiffs S.O.C., Inc., and Richard Soranno shall file an amended calculation of their requested attorney's fees based on the rates described above.

THE COURT FURTHER ORDERS that intervenor plaintiff ACLUN's motions for attorneys fees in cases 2:97-cv-0123-LDG-RJJ (#185) and 2:97-cv-0146-LDG-RJJ (#124) are GRANTED as outlined above.

THE COURT FURTHER ORDERS that no later than twenty (20) days from the date of the filing of this order, intervenor plaintiff ACLUN shall file an amended calculation of its requested attorney's fees based on the rate described above.

THE COURT FURTHER ORDERS that, as prevailing parties, plaintiffs S.O.C., Inc., and Richard Soranno are entitled to costs.

THE COURT FURTHER ORDERS that the unopposed motion to dismiss the complaint filed by Hillsboro Enterprises, Inc. (#125) is GRANTED, with each party to the complaint bearing their own attorney's fees and costs.

DATED this __12__ day of March, 2008.

_____
Lloyd D. George
United States District Judge